UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>HELENA MB JUDGE (HBK),<br><br>Respondent. | No.  1:26-cv-00493-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION FOR LACK OF JURISDICTION**<br><br>**[21-DAY DEADLINE]** |

Petitioner filed the instant federal habeas petition on January 21, 2026. (Doc. 1.) Petitioner does not appear to be in custody, nor does he appear to challenge a conviction. Accordingly, the Court will recommend the petition be summarily dismissed for lack of jurisdiction.

**DISCUSSION**

A.    Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.

1

2001).

B.      Lack of Jurisdiction

Pursuant to 28 U.S.C. § 2254(a), the Court "shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he *is in custody* in violation of the Constitution or laws or treaties of the United States." (emphasis added.)  Thus, in order to obtain habeas relief under 28 U.S.C. § 2254(a), the petitioner must demonstrate that he is "in custody" at the time the petition is filed.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  If he is not "in custody," the Court is without jurisdiction to entertain the petition.  Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam); Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir.1998).  In addition to the petitioner being in custody when the petition is filed, his claim must assert the right to be released.  U.S. v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (as amended).  In addition to incarceration, a person who is on parole or probation at the time he files his federal habeas petition satisfies the custody requirement.  Jones v. Cunningham, 371 U.S. 236, 240-43 (1963).

In this case, Petitioner provides a residential address in Clovis as his place of confinement. In addition, he is not claiming a right to release. Therefore, it appears that he is not in custody and that the Court is without jurisdiction.

C.      Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

2

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

As previously noted, Petitioner is not in custody. In addition, he does not challenge a state court conviction. Thus, the Court is without jurisdiction to address the petition.

The claim also makes no sense. As stated in the petition, it states:

Judge Judith Dulcich gave my credital's holder to the community that has it I want it back frome – her faculty do it. She didn't give a f...k about me or my credital holder that I have on my data and she didn't data it for no reason to do it. I heard she f….ed Marshal E Gooner Richard Feddrick- to give him my creditals number one I want her adverse effect on me for no reason. To give me back everything, from mentioning person. And the Kern Co. Deputy Doe and her prosecutor – Balachi Doe that believe got it. I don't have it because she took it away. And Newsome submitted.

(*Sic*, Doc. 1 at 4.) To the extent the claim can be understood, Petitioner's complaint does not sound in habeas. Accordingly, the petition should be dismissed.  The Court does not find that amending the petition would cure the deficiencies noted.

## ORDER

The Clerk of Court is directed to assign a district judge to this case.

## RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS the petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any

exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **January 22, 2026**                              /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE